No. 14,971.

CITY OF COLORADO SPRINGS *v.* WEIHER.
(129 P. [2d] 988)

Decided October 5, 1942.

Mr. BEN S. WENDELKEN, for plaintiff in error.

Messrs. FOARD BROTHERS, for defendant in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

THIS is an action wherein the issues involve the question of damages to plaintiff's realty, resulting, as she alleges, from a change in the improvements on a public street of Colorado Springs, the defendant, upon which street her property abutted. A jury trial resulted in a

verdict for plaintiff in the sum of $125, and, seeking to reverse the judgment entered thereon, the city brings the case here for a review of the nisi prius proceedings.

Platte avenue, a street in Colorado Springs running easterly and westerly, is crossed between Prospect and Corona streets by the tracks of the Santa Fe Railway Company. The property of defendant in error abuts on Platte avenue between the Santa Fe tracks and Corona street, and 110 feet westerly from the end of an underpass as now constructed. It is improved with a combination apartment house and residence, a modern cottage and a three-car garage.

In 1920 an ordinance was enacted by the city authorizing a bond issue for the making of certain improvements in its streets, including Platte avenue, which avenue, after completion of the work, consisted of two thoroughfares for travel, one on each side of a center parkway which was beautified with grass, trees, shrubs and flowers.

Plaintiff alleges that she paid one-half of the cost of this center parkway, the other one-half being paid out of the bond issue; but the city denies that she paid any of said cost, alleging that the parkway was established and maintained by its park department.

There was no evidence showing for what improvements the ordinance provided; whether or not the center parkway here concerned was a part of said improvements; not whether defendant in error made payment therefor.

In 1939 an underpass was built under the tracks of the Santa Fe Railway Company, and in connection with this construction, the center parkway was removed in order to make safer the moving of traffic on Platte avenue. There was no change in street grade in front of plaintiff's property, and the only evidence of damage presented at the trial was that claimed to have resulted to her property due to removal of the center parkway. The pleadings and uncontroverted evidence in the case dis-

close that the center parkway, before its removal in the construction of the underpass, constituted part of a public street in Colorado Springs.

■ It is the settled rule in this jurisdiction that the title to the streets of a city is in the municipality in trust for the use of the public. *Haskell v. Denver Tramway Co.*, 23 Colo. 60, 46 Pac. 121.

■ Counsel for defendant in error rely upon two Colorado authorities as supporting the judgment in favor of their client; namely, *Pueblo v. Strait*, 20 Colo. 13, 36 Pac. 789, and *Denver Union Terminal Ry. Co. v. Glodt*, 67 Colo. 115, 186 Pac. 904. Undoubtedly these decisions correctly state the law. They hold, inter alia, that for injuries resulting from reasonable and ordinary or usual change and improvement of the streets by a municipality, the abutting owner cannot recover. It is only where he has suffered injury to his property differing in kind from that sustained by the general public that he is entitled to compensation for any loss sustained by reason of the change or improvement. Under the facts disclosed by the record in the instant case plaintiff is not in a position to recover. The record contains no evidence that she had any special interest or easement in the maintenance of the center parkway or that by its removal she suffered special damage; neither is there any evidence that any injury or loss she sustained was not common to the general community. In these circumstances the judgment in her favor was erroneous.

The learned trial judge seems to have entertained the view that the building of the underpass, incidentally involving removal of the center parkway, was an extraordinary use of the street, and that for that reason plaintiff was entitled to recover. We do not concur in that view.

The motion of plaintiff in error for dismissal should have been granted.

The judgment is reversed and the case remanded with instructions to dismiss the action.