Arthur D. Brennan, J.
In this preceding, brought pursuant to article 78 of the Civil Practice Act, the petitioners apply for an order directing the respondent village officials to correct the minutes of the Village Board of Trustees so as to show that a certain amendment with respect to the zoning ordinance of the respondent village was, in fact, not adopted. On October 28, 1957, the Board of Trustees voted 3 to 2 for the adoption of a resolution changing the local building zone ordinance and the local use district map whereby the property of one, Porcello, was placed in a residence “ C ” district.
The respondents move to dismiss the petition on the ground that it is legally insufficient.
Prior to October 28, 1957, the property owner, Porcello, presented to the Board of Trustees a petition for the change of zone of her property from a residence “ A ” district to a residence “ 0 ” district. On October 28, 1957, a public hearing was held. The petitioners herein, whose premises are immediately adjacent to the west, protested the change of zone but the Board of Trustees by the vote aforesaid granted the application. No other protests were made or presented.
It is the contention of the petitioners that they were the owners of 20% or more of the land immediately adjacent to that portion of the Porcello property for which the change of zone was sought and that, therefore, the favorable vote of three fourths, or four members of the Board of Trustees, was required in order to adopt the resolution; that the vote being 3 to 2, the resolution was not properly adopted and that under such circuí® *232 stances, the minutes should reflect that the application was denied.
Section 179 of the Village Law requires the favorable vote of three fourths of the trustees (where the board consists of five members) to amend a zoning ordinance where protest is made by the owners of 20% or more of the land immediately adjacent extending 100 feet therefrom.
It is quite clear from the record before this court that the petitioners are not the owners of 20% or more of the land referred to in the aforesaid section 179 if the statutory class includes either the owner of certain adjacent land which is the property of the Village of Pleasantville or the owner of certain other adjacent land which is the property of the City of New York. In fact, the petitioners herein would be the owners of 20% or more of the land referred to in the cited section if the aforesaid class excluded the owners of both of the two last-mentioned adjacent tracts.
The very able attorney for the petitioners presents a most forceful and ingenious argument in support of the proposition that the land of the village, which is used as a recreational field, should not be included in the computation of the protest area. He earnestly contends that as a matter of public policy the village should not be considered as an owner coming within the purview of section 179 of the Village Law. It is argued that if by resolution the board voted to join in the protest, then the board would disqualify itself from acting in its legislative capacity of enacting amendments to the zoning law and that the reverse would also be true because if the board favored the change, then it would also disqualify itself from passing on the application.
The petitioners also contend that as the adjoining land of the City of New York is used for aqueduct purposes in the supply of water to that city for fire protection as well as domestic consumption, the city is exempt from zoning regulations and is and would not be affected by any change of zone in the area.
While such arguments and contentions may be deemed to be logical if presented by the proponents thereof upon a consideration of the contents of a proposed statute regulating the conditions under which a zoning ordinance may be amended or changed, the fact remains that the provisions of the existing statute are clear and unambiguous. The Legislature has provided for a certain percentage of the owners of adjacent land and has not restricted or limited the class so as to exclude property owned by a municipality. It was aptly stated in the case of Lawrence Constr. Corp. v. State of New York (293 N. Y. 634, 639) that “ A statute must be read and given effect as it is *233 written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration.” In this court’s view, section 179 of the Village Law, as written, refers to and embraces all owners of immediately adjacent lands (extending 100 feet therefrom) and without regard to the fact that said adjacent owner be a municipality or even the owner of the land for which the change of zone has been requested.
Accordingly, the application is denied and the petition is dismissed, but without costs. Submit order.