■ In the Matter of the Probate of the Will of LAWRENCE J. COLLIER, Deceased. EVELYN DE CESARE, Individually and as General Guardian of YVONNE DE CESARE, Appellant; ALEXANDER HAMILTON, as Proponent and Executor of LAWRENCE J. COLLIER, Deceased, Respondent.— Appeal from an order of the Supreme Court, Orange County, denying appellants' application to change the place of trial of the issues raised by their objections to the probate of a document offered for probate in the Surrogate's Court, Dutchess County, to the Supreme Court in any county other than Dutchess County (Civ. Prac. Act, § 189). Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ In the Matter of ANTON E. HITTL et al., Appellants, against WILLIAM A. BUCKHOUT et al., Constituting the Board of Trustees of the Village of Pleasantville, et al., Respondents.— Appeal from an order dismissing the petition in a proceeding to require respondents to change the record and minutes of certain proceedings before the respondent Board of Trustees so as to show that the resolution of said board, made on October 28, 1957, failed of adoption. The resolution changed the delineation of certain land on the building zone map of the Village of Pleasantville from a residence "A" district to a residence "C" district. Order unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ. [13 Misc 2d 230.]

■ In the Matter of CHARLES R. MULLIN, Petitioner, against JOSEPH P. KELLY, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Proceeding to review a determination of the respondent suspending, for 30 days, petitioner's license to operate a motor vehicle, for a violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. The proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296). Determination annulled, without costs. There is no substantial evidence to support the determination that petitioner was operating his motor vehicle with gross negligence or in a manner showing a reckless disregard for life or property of others (cf. *Matter of Roda* v. *Kelly*, 4 A D 678; *Matter of Harris* v. *Kelly*, 9 A D 2d 785). Nolan, P. J., Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to confirm the determination, with the following memorandum: This petitioner was making a left turn across a highway at a place where there was no intersection, without giving the right of way to an oncoming motorcycle, the headlight of which petitioner saw. In my opinion, this constitutes the substantial evidence required.