John J. Dillon, J.
This is an article 78 proceeding in the nature of mandamus to compel the Common Council of the City of Yonkers and other designated officials to correct the minutes of a meeting held on May 14, 1963, so as to show that a certain ordinance was adopted rather than defeated. The whole proceeding turns on an interpretation of a section of the city’s Zoning Ordinance. The petitioner is a contract vendee of certain real property located in an “ S-50 ” Residence District, from which multiple dwellings are excluded. It filed a petition with the Common Council for an amendment changing the property to a “ BA ” District in which multiple dwellings are permitted. Notice of a public hearing to be held on April 23,1963, was served on neighboring property owners. The hearing was held and decision was deferred until May 14, 1963, on which date 7 of the 13 Councilmen voted in favor of the change and 6 against it. The ordinance was declared defeated because of the lack of a three-fourths favorable vote. The petitioner claims that only a majority vote was required and that the ordinance was therefore carried.
The dispute turns upon the meaning of the following section of the Zoning Ordinance: “If a protest against a proposed amendment, supplement, change or repeal of regulations and districts shall be presented and filed with the City Clerk not less than four days prior to the public hearing, duly signed and acknowledged by the owners of twenty per centum or more of the *1050 area of land included in such proposed amendment, supplement, change or repeal of regulations and districts, or by the owners of twenty per centum or more of the land immediately adjacent extending two hundred feet therefrom, or by the owners of twenty per centum or more of the land directly opposite thereto extending two hundred feet from the street frontage of such opposite land, such amendment, supplement, change or repeal of regulations and districts shall not be passed except by a three-fourths vote of the Common Council.”
In the present case a number of protests were filed, and the City Engineer was directed to compute the percentage of property represented by the protests. He reported that protests had been filed by 26.4% of the owners, which would prevent favorable action by less than a three-fourths vote. It is conceded, however, that in computing the total area the engineer omitted the area of streets within the 200-foot radius. If the streets had been included the total area would have been increased by 93,097 square feet, and the ratio of those filing protests would have been reduced to less than 18%, requiring only a majority vote for passage of the ordinance. The question therefore is whether the streets should or should not be included in the total area.
The court has given careful consideration to all the arguments advanced by the Corporation Counsel, but in the end is unable to see any distinction between this case and Matter of Hittl v. Buckhout (13 Misc 2d 230, affd. 10 A D 2d 719). There the court was dealing with section 179 of the Village Law, which contains virtually the same language as the above provision of the Yonkers ordinance. The question in the Hittl case was whether land owned by the village and used as a recreation field should be included in the total area on which the percentage of protests should be computed. The answer was in the affirmative, the court saying in substance that the provision for a certain percentage of the owners of adjacent land, without exclusion as to municipally-owned property, is clear and unambiguous and must be applied literally. For the purposes of this ease there seems to be no distinction between a publicly-owned street and a publicly-owned recreation area. It is true that the city’s ownership of a street is of a limited kind, in the sense that it holds the streets in trust for the public benefit; but the same would be true of land held by the municipality for park or recreation purposes.
It has been argued that some years ago the Common Council requested and obtained from the Corporation Counsel an opinion to the effect that the streets are not to be included in the compu *1051 tation, and that the Counci] has continuously acted under that opinion ever since. Such an opinion and such action could not be effective to amend the ordinance, and may not be employed in contradiction of a clear ruling by the courts as to the meaning of similar legislation.
The application is therefore granted, and an order will issue as demanded in the petition. In view of the result reached the application of the Armour Villa Association, Inc., for leave to intervene is denied as academic. If there is an appeal a similar application may be made to the Appellate Division.