■ In the Matter of B. R. M. REALTY CORP., Respondent, v. JOHN J. FLYNN et al., Constituting the Common Council of the City of Yonkers, et al., Appellants.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to compel the city officials of the City of Yonkers to change the minutes of the proceedings of the city's Common Council, the city officials appeal from an order of the Supreme Court, Westchester County, dated August 19, 1963, which granted the petition and directed that said minutes be corrected to reflect approval and adoption of an ordinance amending the Building Zone Map to change certain described premises from an " S-50 " residential zone to a " BA " zone (permitting multiple dwellings). Order reversed on the law and on the facts, without costs; and matter remitted to the Special Term: (1) for a hearing to take proof upon the issue set forth herein; (2) for a determination *de novo* upon the basis of the proof adduced; and (3) for further proceedings not inconsistent herewith. In a mandamus proceeding the petitioner must demonstrate that his right to the relief sought does not admit of reasonable doubt or controversy (*Matter of Burr* v. *Voorhis*, 229 N. Y. 382, 387; *Matter of Crowe*, 263 App. Div. 935). Therefore, to establish its contention that only a majority vote was required for the adoption of the ordinance in question, the petitioner here must prove that protests have not been filed by the owners of at least 20% of the property within the three areas prescribed by statute (L. 1946, ch. 722, as amd. by Local Laws, 1953, No. 10 of City of Yonkers, 1956, No. 10 of City of Yonkers). Petitioner failed to offer such proof as to the objections filed by the owners within the third prescribed area, that is, with respect to the " owners of twenty per centum or more of the land directly opposite * * * [the land rezoned] extending two hundred feet from the street frontage of such opposite land ". Hence, a hearing should be held to determine the issues with respect to the extent of the protests filed by the owners within the third prescribed area, as well as by the owners within the other two prescribed areas. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur. [39 Misc 2d 1049.]