■　In the Matter of SKI AND SHORE CORPORATION, Respondent, v. GEORGE P. LIAPES, as Building Inspector of the Town of Queensbury, Warren County, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered March 10, 1972 in Warren County, in a proceeding pursuant to article 78 of the CPLR, which declared the rezoning of petitioner's property by the Town Board of the Town of Queensbury to be illegal and void and directed respondent to issue a building permit for the construction of a motel. Petitioner purchased the subject premises from the County of Warren on January 14, 1969. At that time the premises were not subject to the zoning ordinance of the Town of Queensbury by virtue of its status as municipal property. In the month of July, 1969 petitioner petitioned the Town Board to zone the premises as C-3 Commercial, which would permit the construction of a motel. On March 26, 1970 the Town Board zoned the premises C-3 Commercial. Thereafter, the Town Board deemed it in the public interest to rescind said zoning and to rezone the premises to R-3 Residential, and held a public hearing to consider the proposal to rescind. Petitioner, as the owner of 100% of the land involved, then filed a written protest pursuant to section 265 of the Town Law objecting to the repeal or rescission of the existing zoning. On August 27, 1970, at a regular meeting of the Town Board, the resolution to rescind received 3 votes in favor and 2 votes in opposition. This vote amounted to a defeat of the resolution since, under section 265 of the Town Law, a favorable vote of at least three fourths of the members of the Town Board is required to amend, supplement, change, modify, or repeal a zoning ordinance or regulation where the owners of 20% or more of the land included in the proposed change protest in writing against such change. Immediately after the defeat of said resolution, the Town Board considered a resolution to rezone the premises from C-3 Commercial to R-3 Residential. This resolution again received three affirmative votes and two negative votes. The Town Board, however, determined that the resolution was duly adopted by a majority vote. It should be noted that the resolution adopted July 23, 1970 authorizing a public hearing to consider rezoning the parcel referred to sections 264 and 265 of the Town Law. On October 2, 1970 petitioner applied for a building permit to construct a motel upon its premises. This application was rejected on the ground that the premises were now zoned R-3 Residential and a motel was not a permitted use. Petitioner then brought this proceeding to review and annul the determination. Special Term determined that the action of the Town Board "on August 13, 1970 changing the zoning classification of the subject premises from C-3 to R-3 was illegal in that the resolution did not receive a favorable vote of at least four members of the Town Board" and directed the issuance of the building permit. Appellant argues that the resolution rezoning the premises was duly enacted following compliance with the provisions of the Town Law and the Zoning Ordinance of the Town of Queensbury for publication of notice of hearing, and the holding of such hearing and was properly adopted and enacted and is a valid legislative act of the Town Board of the Town of Queensbury. Petitioner, as the owner of 100% of the land affected by the proposed rescission of the zoning resolution and also by the proposed rezoning resolution, having filed a written protest against rescission or repeal of the existing C-3 Commercial zone, any change in the existing zoning, whether by resolution to rescind or by resolution to rezone, required the affirmative vote of three fourths of the members of the Town Board and, the resolution to rezone not having received such an affirmative vote, Special Term properly determined that such resolution was illegal and, therefore, void. (Town Law, § 265; *Rabasco* v. *Town of Greenburgh*, 285 App. Div. 895, affd. 309 N. Y.

735.) Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.