■ In the Matter of LEO E. BIEDERMANN, Appellant-Respondent, v TOWN OF ORANGETOWN et al., Respondents-Appellants, and PEARL RIVER SHOP-RITE ASSOCIATES, INC., Intervenor-Respondent-Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Orangetown, dated July 23, 1984, which, after a hearing, approved a zoning change on a parcel of land owned by the intervenor, Pearl River Shop-Rite Associates, Inc., (1) the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Donovan, J.), dated February 6, 1985, as found that the change of zone did not constitute "spot zoning", and further found that the petitioner's protest filed pursuant to Town Law § 265 did not meet the requirements of that statute; and (2) the intervenor Pearl River Shop-Rite Associates, Inc., cross-appeals from so much of the same judgment, as remitted the matter to the respondent Town Board of the Town of Orangetown for a further hearing on the issue of the possible environmental impact of the zoning change pursuant to the Environmental Conservation Law.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is annulled, and the petition is granted to the extent that the matter is remitted to the respondent Town Board of the Town of Orangetown for further proceedings consistent herewith.

The intervenor, Pearl River Shop-Rite Associates, Inc. (hereinafter Shop-Rite), purchased a parcel of land, designated as lot 47, which was adjacent to Shop-Rite's existing supermarket located in Pearl River, New York. Lot 47 was split-zoned between the "Retail Commerce" and "General Residential" zones. The petitioner's property, which is zoned for residential use, abuts both the Shop-Rite supermarket and lot 47. In May 1984, Shop-Rite submitted an amended petition to the Town Board of the Town of Orangetown (hereinafter the town board) requesting that lot 47 be rezoned entirely for Retail Commerce. The Orangetown Planning Board and the Rockland County Planning Board approved the zoning change. In July 1984, a public hearing was held regarding Shop-Rite's

application, at which the petitioner voiced his opposition to the zoning change. After the hearing, the petitioner submitted a written objection, allegedly pursuant to Town Law § 265, which stated that he owned more than 20% of the land immediately adjacent to lot 47 which was within a 100-foot radius of that lot, and, therefore, the resolution for a change of zoning required the approval of at least three fourths of the members of the town board. The town board, by a vote of 3 to 2, approved the application for a change in zoning.

Town Law § 265 reads, in pertinent part, as follows: "Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by ordinance. In case, however, of a protest against such change signed by the owners of twenty per centum or more, either of the area of the land included in such proposed change, or of that immediately adjacent extending one hundred feet therefrom or of that directly opposite thereto, extending one hundred feet, from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of at least three-fourths of the members of the town board." Thus, if the petitioner's position that he owned more than 20% of the land immediately adjacent to lot 47 and within a 100-foot radius of lot 47 is valid, the town board's vote was insufficient to approve the change of zoning since a vote of 4 of the 5 town board members would be necessary to satisfy the three-fourths vote required by the statute.

The parties agree that the petitioner owns land adjacent to lot 47, and that his contention would be valid if he owned 20% or more of the area of land immediately adjacent to and extending 100 feet from the subject lot. Lot 47 fronts on East Central Avenue for some 200 feet; hence, a portion of the land immediately adjacent to the property lies in the roadbed of East Central Avenue. The petitioner argues that the area of land lying in the street should not be included in calculating the total amount of area for purposes of determining the 20% figure. We agree. Although there is some authority to support the town board's contention that property owned by a municipality should not be considered any differently than property owned by any other type of owner (see, Matter of Hittl v Buckhout, 13 Misc 2d 230, affd 10 AD2d 719), in our view of the statute, the area lying in the street should not be included in calculating the total amount of area. In particular, we note that the third category of land considered by the statute (i.e., land situated directly opposite the subject premises extending

100 feet from the street frontage of such opposite land), indicates that the area lying in a street which is opposite the property in question is not to be considered in determining the total amount of area for purposes of calculating the 20% figure. By analogy, that part of the land adjacent to the property in question which lies in a municipally owned street should not be considered in calculating the total amount of area pursuant to the second category of land enumerated in Town Law § 265 (i.e., land immediately adjacent to the subject premises extending 100 feet therefrom).

The total amount of land adjacent to lot 47 (excluding the area lying in the street) is some 58,600 square feet. Of that figure, the petitioner owns some 12,200 square feet, which constitutes slightly over 20% of that total. Hence, the petitioner's contention is valid, and the town board's vote was insufficient to pass the amendment since at least 75%, or the vote of 4 of the 5 board members, was necessary for approval of the amendment. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.