Franklin F. BURNS,
Plaintiff–Appellant,

v.

The CITY COUNCIL OF the CITY AND COUNTY OF DENVER; The City and County of Denver, a municipality and body corporate and politic; Josephine R. Englander, Rose M. Flint, Harry M. Flint, Edna S. Alexander, Lloyd Duckworth, Iris Mae Duckworth, Victor J. Veatch, Mark Lee Levine, Mary Swanson, Marion C. Engle, Kathryn L. Engle, Aaron Bregman, James L. Webb, Paul L. Webb, Robert R. Hollenbeck, William A. Scheitler, T.J. Hackworth, M.L. Sandos, Stephanie A. Foote, Paul L. Swalm, John J. Silchia, Neives Perez McIntire, Hiawatha Davis, Jr., Salvadore Carpio, Cathy Donohue, William R. Roberts, Cathy Reynolds, and Robert Crider, individually and as members of the City Council of the City and County of Denver; Cherry Creek Partners, a general partnership; Cherry Creek Housing Associates; Ken Peterson; and Morton Zeppelin, Defendants–Appellees.

No. 85CA0698.

Colorado Court of Appeals,
Div. III.

Feb. 4, 1988.

Rehearing Denied March 3, 1988.

Certiorari Denied Aug. 8, 1988.

Goldstein & Armour, P.C., Alan A. Armour, Darrel L. Campbell, Denver, for plaintiff-appellant.

Stephen H. Kaplan, City Atty., Robert M. Kelly, Asst. City Atty., Denver, for defendants-appellees Denver City Council, Individual City Council Members, and The City and County of Denver.

Holme Roberts & Owen, Lawrence L. Levin, Clifford P. Jones, Englewood, for Non–City defendants-appellees.

BABCOCK, Judge.

Plaintiff, Franklin L. Burns, appeals the summary judgment entered in favor of defendants on his C.R.C.P. 106(a)(4) petition for review of the approval by the Denver City Council (council) of a rezoning ordinance and for declaration of that ordinance's invalidity. We affirm.

The relevant facts are undisputed. In October 1983, defendant, Cherry Creek Housing Associates, for itself and on behalf of defendants, Cherry Creek Partners, Ken Peterson, and Morton Zeppelin, applied to the Denver Department of Zoning Administration (department) to rezone the subject property. Burns owns property across the street from this property.

In December 1983, Burns filed a petition protesting the proposed rezoning ordinance. The petition was signed only by Burns.

The department determined that the petition was not a "legal protest" because Burns' property consisted of less than 20% of the area within 200 feet of the perimeter of the area proposed for zoning change. In making this determination under Denver City Charter B1.17 and Denver Revised Municipal Code 59–647(8), the department included city streets in its calculation.

Denver City Charter B1.17 provides:
"Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed. *In case, however, of a protest against such change, signed by the owners of twenty per cent or more,* either of the area of the lots included in such proposed change or *of the area to a distance of two hundred feet from the perimeter of the area proposed for change,* such amendment shall not become effective except by the favorable vote of ten of the members of the council of the City and County of Denver...."
(emphasis added)

This charter provision is iterated in Denver Revised Municipal Code 59–647(8).

Burns' protest would be a legal protest by these charter and ordinance sections if the city-owned streets within the 200 foot protest area were excluded from the department's calculation. Consequently, ten favorable council votes would have been required to approve the rezoning and the rezoning would have failed on the 9–3 council vote at the January 1984 hearing.

The primary issue presented to the trial court on the parties' cross-motions for summary judgment was whether the department and council correctly interpreted and implemented Denver City Charter B1.17 and Denver Revised Municipal Code 59–647(8) to include city streets within the 200 foot legal protest area in determining that Burns had not filed a legal protest. Such an interpretation renders effective the council's passage of the rezoning ordinance by a vote of less than ten.

When statutory language is clear and legislative intent appears reasonably certain, a court will not resort to other rules of statutory construction. *People v. District Court,* 713 P.2d 918 (Colo.1986). Courts will not interpret a statute or an ordinance to mean that which it does not express. *Dawson v. PERA,* 664 P.2d 702 (Colo.1983); *Rancho Colorado, Inc. v. City of Broomfield,* 196 Colo. 444, 586 P.2d 659 (1978). In interpreting statutory language,

courts must effectuate the plain meaning of words used by the legislative body. *People v. Deadmond,* 683 P.2d 763 (Colo. 1984). And, clear, plain, and unambiguous legal protest provisions of municipal charters and ordinances will be applied as written. *See Pfaff v. City of Lakewood,* 712 P.2d 1041 (Colo.App.1985).

 The charter and ordinance provisions that the protest area be defined as "the area to a distance of 200 feet from the perimeter of the area proposed for change" are clear, plain, and unambiguous; accordingly, they must be applied as written. *See Pfaff v. City of Lakewood, supra; Hittl v. Buckhout,* 13 Misc.2d 230, 176 N.Y.S.2d 401 (1958) (village ordinance requiring favorable vote of ¾ of trustees to amend zoning ordinance, where protest is made by the owners of 20% or more of the immediately adjacent land, was clear and unambiguous, and contemplated all owners, even in situations where an adjacent owner was the municipality); *BRM Realty Corp. v. Flynn,* 39 Misc.2d 1049, 242 N.Y.S.2d 338 (1963) (zoning ordinance requiring passage of rezoning amendment by ¾ vote of council if protest is made by owners of 20% or more of adjacent land within 200 feet of land in question, required inclusion of streets within the 200 foot radius to determine whether protest had been made by owners of 20% of the area). Therefore, the method of computation here was neither arbitrary nor capricious; consequently, it was not erroneous. *See Pfaff v. City of Lakewood, supra.*

We also disagree with Burns' contention that application of Denver's charter and ordinance provisions, as written, denies him due process of law. Burns concedes that he was afforded a right to protest and exercised his opportunity to be heard and to present and rebut evidence at the rezoning hearing. *See* Denver Revised Municipal Code 59–53 and 59–647(7)(9). However, he argues that inclusion of Denver streets makes Denver a party to the rezoning proceeding and, thus, denies him a hearing by an impartial tribunal.

Burns can point to nothing in the record that overcomes the presumption of integrity, honesty, and impartiality that is accord-

ed those serving in a quasi-judicial capacity. *See Scott v. City of Englewood,* 672 P.2d 225 (Colo.App.1983). There is nothing in the nature of a city's title to streets that rebuts this presumption. *See Colorado Springs v. Weiher,* 110 Colo. 55, 129 P.2d 988 (1942) (title to city streets is in trust for the use of the public); *BRM Realty Corp. v. Flynn, supra.* Application of the charter and ordinance provisions at issue here, as written, do not deny Burns due process of law.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.