■ In the Matter of ROBERT VAN PATTEN, Respondent, v RALPH LA PORTA et al., Constituting the Town Board of the Town of Clifton Park, Appellants. (And a Related Action.)— Weiss, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered January 6, 1988 in Saratoga County, which granted petitioner's application in a proceeding pursuant to CPLR article 78 and action for declaratory judgment, to direct respondents to declare Resolution No. 293-1987 duly

adopted and to take necessary steps to publish and file the local law.

Petitioner applied to the Town Board of the Town of Clifton Park, Saratoga County, for an amendment to the town zoning ordinance changing the classification of his 45-acre parcel from light industrial to a planned development district in which townhouses would be permitted uses. Following a public hearing, the Town Clerk received two separate petitions containing a total of 31 signatures protesting enactment of the proposed local law. Resolution No. 293-1987, introduced to change the zoning designation, received a 3-to-2 vote in favor, but was declared defeated due to the three-fourths majority voting requirement provided in Town Law § 265. Petitioner commenced this CPLR article 78 proceeding against respondents, the five Town Board members, seeking a judgment declaring Resolution No. 293-1987 duly adopted and directing the Town Board to take all steps necessary to publish and file the local law (see, Matter of Voelckers v Guelli, 58 NY2d 170, 176-177). He also commenced a plenary action seeking the same relief. Supreme Court denied respondents' motion to dismiss the petition and complaint, concluding that the protest petitions were irregular and that respondents failed to demonstrate that 20% of the landowners with standing had protested. The court granted the petition and directed respondents to declare the resolution duly adopted and pursue all steps for its implementation.

This appeal concerns the correct construction of Town Law § 265, which governs amendments to a town zoning ordinance and reads, in pertinent part, as follows: "Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by ordinance. In case, however, of a protest against such change signed by the owners of twenty per centum or more, either of the area of the land included in such proposed change, or of that immediately adjacent extending one hundred feet therefrom, or of that directly opposite thereto, extending one hundred feet from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of at least three-fourths of the members of the town board."

The distinct question presented is whether the statute creates two or three ownership classifications for purposes of gauging the 20% protest minimum. Petitioner construes the provision as creating two classifications: landowners within the area to be rezoned, and a combination of owners immedi-

ately adjacent to and directly opposite the subject premises. Petitioner argues that for the latter category, protests from owners representing 20% of the combined adjacent and opposite areas would be necessary to trigger the three-fourths statutory voting requirement. Respondents, on the other hand, discern three separate categories: owners of the affected land, owners of adjacent land and owners of lands opposite. Under this construction, the 20% ownership threshold could be measured from any of the three categories, a far less stringent burden than that urged by petitioner.

We recognize that other courts have referred to three categories in cases involving Town Law § 265, but none appears to have addressed the issue placed squarely before us (see, Matter of Biedermann v Town of Orangetown, 125 AD2d 465, 466; Webster Assocs. v Town of Webster, 119 Misc 2d 533, 536; see also, 1 Anderson, New York Zoning Law and Practice §§ 4.34, 4.38, at 148, 151 [3d ed]). In construing Town Law § 265, we look to the language utilized (see, Ferres v City of New Rochelle, 68 NY2d 446, 451). The statute, as paraphrased, attributes standing to "either [the affected owners], or [the adjacent owners], or [the opposite owners]".* The use of "either" as a function word before two or more coordinate words, phrases or clauses joined by the disjunctive "or" indicates that what immediately follows is the first of two or more alternatives (Webster's Ninth New Collegiate Dictionary 399; see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 234, 235). When coordinating conjunctions such as either/or are utilized, the alternative sentence elements are considered of equal significance. In addition, the placement of a comma before the disjunctive "or" indicates an intent to discriminate between the various parts of the sentence (see, McKinney's Cons Laws of NY, Book 1, Statutes § 253). Given this structure, we find that the statute creates three distinct ownership classifications, as urged by respondents. The very fact that a distinction

---

* An unusual problem exists with respect to the second comma in the quoted phrase, for the comma is included in the New York Consolidated Laws Service version of Town Law § 265, but excluded from the version appearing in McKinney's Consolidated Laws of New York. Our review of the original enactment of Town Law § 265 (see, L 1932, ch 634) and a 1952 amendment (see, L 1952, ch 554) confirms that the comma was included. For some unexplained reason, however, the comma was omitted following a 1967 amendment (see, L 1967, ch 529), which redefined the enhanced majority requirement by requiring a three-fourths vote instead of a vote of four town board members. Given the nature of the amendment, however, we perceive the comma omission as inadvertent (see, McKinney's Cons Laws of NY, Book 1, Statutes § 363, at 528).

has been drawn between adjacent and opposite landowners supports this conclusion. Consequently, a 20% protest from any one category would trigger the enhanced majority requirement.

Here, the affidavit of Joseph Bianchine, petitioner's engineer and surveyor, confirms that the protest petitions included signatories holding more than 20% of the lands directly opposite the proposed project. This protest triggered the three-fourths majority voting requirement. We therefore find that Supreme Court erred in validating the resolution *(see, Hey v Town Bd.,* 117 AD2d 989; *Matter of Ski & Shore Corp. v Liapes,* 40 AD2d 887).

Judgment reversed, on the law, without costs, motion granted, petition dismissed and Resolution No. 293-1987 declared invalid. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.