Jeffrey ROBERTSON, Plaintiff–
Appellant,

v.

AURORA CIVIL SERVICE COMMIS-
SION, Ellis B. Burton, John G. Kish,
William R. Davis, Stephen E. Mc-
Donald, Gerald L. Williams, and the
City of Aurora, Colorado, a municipal
corporation, Defendants–Appellees.

No. 91CA1209.

Colorado Court of Appeals,
Div. V.

July 30, 1992.

Bruno, Bruno & Colin, P.C., Marc F. Co-
lin, Richard A. Stubbs, Denver, for plain-
tiff-appellant.

Office of the Aurora City Atty., George
W. Zierk, Charles H. Richardson, Peter Ru-
ben Morales, Aurora, for defendants-appel-
lees.

Opinion by Judge HUME.

Plaintiff, Jeffrey Robertson, appeals the
judgment denying his claims for declarato-
ry judgment and for relief under C.R.C.P.
106(a)(4) against defendants, Aurora Civil
Service Commission (Commission), Ellis B.
Burton, John G. Kish, William R. Davis,
Stephen E. McDonald, Gerald L. Williams,
and the City of Aurora. We affirm.

Plaintiff was employed by the Aurora
Police Department and had attained classi-
fication as a police officer grade I. After
plaintiff had received two successive unsat-
isfactory annual reviews, the Chief of Po-
lice ordered that he be demoted to police
officer grade II.

After the suspension order was sus-
tained on appeal to the Commission, plain-
tiff filed a complaint seeking judicial re-
view pursuant to C.R.C.P. 106(a)(4) and for
a declaratory judgment determining that
his demotion was prohibited by a provision
of the Aurora City Charter. The trial

court's denial of those claims precipitated this appeal.

Plaintiff contends that the trial court erred in denying his claim for declaratory judgment to the effect that his demotion violated Aurora City Charter 3–16(3). We disagree.

Section 10.2.5 of the Aurora Police Department Directives Manual provides that the Chief of Police may impose, *inter alia*, demotion in rank or grade as a form of discipline but that such discipline is "subject to provisions in City Charter."

Aurora City Charter 3–16, entitled "Police and fire department, service requirements, disciplinary procedures, salaries," generally governs appointment, service requirements, standards and procedures for advancement, promotion, discipline, and setting of salary scales for Aurora police officers and firefighters. Aurora City Charter 3–16(3) provides in pertinent part:

A Police Officer 2nd Grade ... shall be one who has served for more than two (2) years, but less than three (3) years in the service of the Department; and a Police Officer 1st Grade ... shall be one who has served more than three (3) years in the service of the Department.

■ Plaintiff argued before the trial court that the foregoing Charter provision prohibited his demotion below police officer first grade because he had served more than three years with the Department. The trial court, however, concluded that the charter provision in question relates solely to promotion advancement standards for new and advancing officers and that Aurora City Charter 3–16(8) is the section applicable to discipline. We agree with that analysis.

Aurora City Charter 3–16(8) is the provision governing "Disciplinary and appeal procedure." Aurora City Charter 3–16(8)(a) expressly grants rule-making authority to the chiefs of the respective departments and authorizes the imposition of discipline for violations of such rules and regulations.

We also note that Aurora City Code 2–100(b) and Aurora Police Department Directives Manual 10.2.5, taken together, authorize the Chief of Police to impose appropriate disciplinary action including that of demotion in rank and grade.

We reject plaintiff's argument that Aurora City Charter 3–16(6) limits demotion to police officers ranked above the first grade. According to its express terms, that section provides for a demotion in rank of recently promoted senior police officers who fail adequately to perform the duties of the new rank. Once again, this section by its plain terms does not apply broadly to all disciplinary actions.

The Charter provisions, taken and read together and according plain and ordinary meaning to the words employed, are capable of but one rational construction. *See Burns v. City Council*, 759 P.2d 748 (Colo. App.1988) (if charter language appears reasonably certain, plain, and unambiguous, resort to other rules of statutory construction is unnecessary). Thus, we conclude that the trial court did not err in denying plaintiff's claim for declaratory judgment.

Plaintiff next contends that the trial court erred in denying his claim based on C.R.C.P. 106(a)(4). We disagree.

■ C.R.C.P. 106(a)(4) allows a form of limited review to determine if an inferior tribunal has exceeded its jurisdiction or abused its discretion. *Denver Center for Performing Arts v. Briggs*, 696 P.2d 299 (Colo.1985). A district court may reverse a quasi-judicial decision of a governmental tribunal only if such decision is not supported by any competent evidence. *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986).

Here, plaintiff again argues that the Commission exceeded its jurisdiction because the Charter prohibits the demotion. However, as previously discussed, we have rejected that contention.

Additionally, plaintiff urges that the Commission abused its discretion, arguing that there is no competent evidence in the record to support the affirmance of the demotion because the Commission did not address the primary issue. According to plaintiff, the "key issue" before the Com-

mission was whether Aurora City Charter 3–16(3) prohibited the demotion. However, the trial court stated in its judgment that it "did not know whether [the Commission had] considered § 3–16(3) in upholding [the] demotion," but assumed that it had and that the Commission also had concluded that that charter provision was inapplicable. We perceive no error in the court's handling of this legal issue.

Here, the record reveals that the evidence before the Commission showed that plaintiff had received successive unsatisfactory performance reviews. While his performance improved temporarily after he was reprimanded, after a time, he fell back into his previous bad habits. Further, plaintiff's disciplinary record overall reflected a pattern of problems. Finally, there was evidence that plaintiff's poor performance placed a strain on his team as a whole. Thus, we conclude there was ample evidence to support plaintiff's demotion and that the trial court did not abuse its discretion in upholding the Commission's findings.

Judgment affirmed.

JONES and NEY, JJ., concur.