The CITY OF LAMAR, Colorado, Plaintiff–Appellant,

v.

The LAMAR POLICE DEPARTMENT MONEY PURCHASE PENSION TRUST and The Lamar Fire Department Money Purchase Pension Trust, Defendants–Appellees.

No. 91CA1483.

Colorado Court of Appeals, Div. IV.

Dec. 3, 1992.

Rehearing Denied Jan. 14, 1993.

Certiorari Denied Aug. 23, 1993.

**458**

Thomas L. Shinn, Lamar, for plaintiff-appellant.

Lefferdink & Bullock, James R. Bullock, Lamar, for defendants-appellees.

Williams, Turner & Holmes, P.C., Susan M. Corle, William D. Prakken, Grand Junction, for amicus curiae The Boards of Trustees of the Grand Junction Police and Fire Money Purchase Pension Plans.

Traylor, Arnold, Tompkins & Black, P.C., David A. Price, Daniel E. Wilson, City Attys., Grand Junction, for amicus curiae the City of Grand Junction.

Kent A. Borchard, Meeker, for amicus curiae the Town of Rangley.

Opinion by Judge TURSI.

The City of Lamar (Lamar) appeals from a declaratory judgment ordering it to pay over all of the funds it received from the Colorado Fire and Police Pension Association (FPPA) to the Lamar Police Department Money Purchase Pension Trust and the Lamar Fire Department Money Purchase Pension Trust (Pension Trusts). We affirm.

Prior to the initiation of this action, Lamar withdrew from the FPPA, a statewide pension plan, to establish its own locally administered and financed pension plans as permitted by § 31–30–1001, et seq., C.R.S. (1986 Repl.Vol. 12B). As a withdrawing employer, Lamar was entitled to a refund of all employer and member contributions in the custody of the FPPA. Section 31–30–1003(2)(V)(A), C.R.S. (1986 Repl.Vol. 12B). The monies refunded were required to be used as contributions to the employer's alternative pension plans. Section 31–30–1003(2)(V)(B), C.R.S. (1986 Repl.Vol. 12B).

At the time that Lamar withdrew, the FPPA had adopted a policy of retaining those contributions paid by an employer on behalf of former employees who had no vested interests in the state pension at the time of their termination. These contributions were ordinarily forfeited by employers participating in the FPPA. However, in *City of Littleton v. Fire & Police Pension Ass'n*, 786 P.2d 458 (Colo.App.1989), this court held that the FPPA's policy was in direct conflict with the language of § 31–30–1003(2)(V)(A), C.R.S. (1986 Repl. Vol. 12B), which provided, in pertinent part, that the "association shall refund to the [withdrawing] employer *all employer and member contributions* in its custody...." (emphasis added)

In addition to the plain meaning of the mandate set forth in § 31–30–1003(2)(V)(A), this court found support for its interpretation from the fact that the withdrawal and refund statute required that any refunds received by an employer must be used exclusively as contributions to the alternative pension plan. This court also noted that the withdrawing employer was responsible for assuming payment of certain benefits that were previously vested under the FPPA plan. Based on these statutory requirements, we concluded in *Littleton, supra*, that the General Assembly had intended for the present employees of the withdrawing employer to benefit from their em-

ployer's prior contributions rather than the employees of those municipalities remaining in the FPPA.

In accordance with the *Littleton,* decision, the FPPA refunded the "forfeited" contributions to Lamar. Lamar and its pension trusts sued jointly for declaratory relief concerning the disposition of those funds. Lamar maintains that it is entitled to keep the funds in a special account to be utilized toward future contributions and obligations it will owe to the pension trusts. The district court held otherwise ruling that § 31–30–1003(2)(V)(A) and (B), C.R.S. (1986 Repl.Vol. 12B), required that the funds be directly turned over to the pension trusts. The district court viewed its interpretation as consistent with the legislative purpose underlying the enactment of the withdrawal and refund statutes which was to provide a mechanism for municipalities like Lamar to establish alternative pension plans that would furnish a meaningful and appropriate retirement benefit to its police and fire department employees. We agree with the district court's holding and rationale. *See* § 31–30–1001, C.R.S. (1986 Repl.Vol. 12B).

In construing a statute, a court's primary task is to give effect to the legislative purpose underlying the enactment. *Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991). The General Assembly's intent should be determined by first looking to the ordinary and plain meaning of the statutory language used. *Farmer's Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991). A court need not proceed with its inquiry when the language of the statute is clear. *Kane v. Town of Estes Park,* 786 P.2d 412 (Colo.1990). And, a statute should not be interpreted to mean that which it does not express. *Burns v. City Council,* 759 P.2d 748 (Colo.App.1988).

Viewing § 31–30–1003(2)(V)(B) according to the foregoing principles of statutory construction, we perceive no ambiguity in the language used. Contrary to Lamar's claims, we agree with the district court that the plain and ordinary meaning of § 31–30–1003(2)(V)(B) requires that all monies refunded from the FPPA to the em-

ployer be turned over directly to the alternative pension plan.

In *Littleton, supra,* we recognized that the unambiguous language of § 31–30–1003(2)(V)(A) & (B), in combination with other pertinent provisions of the withdrawal and refund statute, expressed a clear legislative intent that the alternative pension plans and their present employees were to benefit from the monies refunded by the FPPA. If Lamar were allowed to keep the forfeited contributions to help defray its future obligations, that legislative intent would be frustrated.

Additionally, the agreements between the parties specifically stated that the "entire amount of money or assets refunded by the state" was to be allocated to the defendant funds. And finally, even if we were to discover an ambiguity in § 31–30–1003(2)(V)(B), we would be obligated to construe it in a manner favorable to the City of Lamar's employees. *City of Aurora v. Ackman,* 738 P.2d 796 (Colo.App.1987) (Any ambiguities appearing in statutes regulating pension and retirement funds must be construed favorably toward employee).

The judgment is affirmed.

METZGER and PLANK, JJ., concur.