Lange v Dixson (2025 NY Slip Op 05352)

Lange v Dixson

2025 NY Slip Op 05352

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

628 CA 24-01191

[*1]GREGORY J. LANGE, PETITIONER-APPELLANT;
v
MARSHA A. DIXSON, RESPONDENT-RESPONDENT. 

BOND, SCHOENECK & KING, PLLC, BUFFALO (KATHLEEN H. MCGRAW OF COUNSEL), FOR PETITIONER-APPELLANT. 
HALL RICKETTS GURBACKI, P.C., EAST AURORA (ROBERT H. GURBACKI OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Surrogate's Court, Niagara County (John James Ottaviano, S.), entered May 21, 2024. The order, upon reargument, adhered to a prior determination that petitioner lacked standing to petition to compel an accounting pursuant to General Obligations Law § 5-1510. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the petition is reinstated.
Memorandum: Petitioner commenced this proceeding seeking an order pursuant to General Obligations Law § 5-1510 directing respondent, his sister, to provide a copy of "all bank statements, receipts, disbursements, and transactions" entered into by respondent while acting as agent for the parties' mother (decedent) under a durable power of attorney. Surrogate's Court granted that part of respondent's motion seeking to dismiss the petition on the ground that petitioner lacked standing to seek that accounting. Petitioner thereafter moved for leave to reargue his opposition to respondent's motion, contending that the Surrogate had overlooked General Obligations Law § 5-1510 (3), which authorizes a child of a principal to commence the special proceeding at issue. The Surrogate granted leave to reargue and, upon reargument, adhered to the original determination that petitioner lacked standing. Petitioner appeals, and we now reverse.
Contrary to the conclusion of the Surrogate, the death of decedent did not divest petitioner of standing pursuant to General Obligations Law § 5-1510 (3) to commence this special proceeding. Section 5-1510 (3) identifies, both directly and by reference to section 5-1505 (2) (a) (3), the parties that have standing to seek judicial intervention for the purpose of, among other things, compelling an accounting of all receipts, disbursements and transactions entered into by an agent on behalf of the principal (see Matter of Sawkins, 239 AD3d 1312, 1313 [4th Dept 2025]; see also § 5-1510 [2] [e]). Specifically, it provides that "[a] special proceeding may be commenced pursuant to [section 5-1510 (2)] by any person identified in [section 5-1505 (2) (a) (3)]"—which includes a personal representative of the estate of a deceased principal—as well as "the agent, the spouse, child or parent of the principal, the principal's successor in interest, or any third party who may be required to accept a power of attorney" (§ 5-1510 [3] [emphasis added]). The legislature's use of "any" and the disjunctive "or" in that statutory language evinces its intent to provide a list of equal but alternative petitioners (see generally Matter of Van Patten v La Porta, 148 AD2d 858, 860 [3d Dept 1989]). In order to accept the Surrogate's contrary conclusion, i.e., that the death of a principal limits the permissible petitioners to the personal representative of the deceased principal's estate, we would, in effect, have to write such a restriction into the relevant statute. Inasmuch as that would directly contravene the plain language of the statute, we decline to do so (see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 546-547 [1984]; Gawron v Town of Cheektowaga, 117 AD3d 1410, 1412 [4th Dept 2014]). The Surrogate therefore erred in granting that part of respondent's [*2]motion seeking dismissal of the petition on standing grounds.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court